JAMES W. LEWIS (SBN 207599)
jlewis@sssfirm.com
J. KYLE GAINES (SBN 287536)
kgaines@sssfirm.com
**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Blvd., Suite 255
Beverly Hills, CA 0211
Telephone: (310) 341-2086
Facsimile: (310) 773-5573

Attorneys for Plaintiff,
R.R.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.R., an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA (FEDERAL BUREAU OF PRISONS); JORGE AVALOS; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 3:24-cv-04275<br><br>**APPLICATION TO MAINTAIN THE ANONYMITY OF PLAINTIFF** |

I.   **INTRODUCTION**

　　This lawsuit directly impacts the basic rights and future of a vulnerable population of female federal inmates.  Out of this group, Plaintiff R.R. is willing to share her voice with this Court, notwithstanding her fear that by doing so, she may suffer the consequences of retaliation and harassment by third parties.

As a result, Plaintiff files this application to proceed anonymously. Any prejudice to Defendants is far outweighed by Plaintiff's need for anonymity, and the public will be benefited by giving voice to this vulnerable population and ensuring the individuals continue to bring judicial challenges to government action that may violate their constitutional rights. For these reasons, the Court should permit Plaintiff to proceed anonymously.

## II. BACKGROUND

JORGE AVALOS ("AVALOS") was a physician assistant, at Federal Correctional Institution – Dublin ("FCI Dublin") owned and operated by Defendant UNITED STATES OF AMERICA (Federal Bureau of Prisons) ("United States"), repeatedly subjected Plaintiff R.R., a minimum-security inmate incarcerated there, to sexual abuse in violation of federal and state law.

Congress enacted the Prison Rape Elimination Act in 2003, 34 U.S.C. § 30301, et seq. ("PREA") to establish national standards for preventing precisely this kind of sexual abuse from happening to federal inmates. Under PREA, the U.S. Department of Justice promulgated detailed regulations that provide precise procedures that prisons must follow. The Federal Bureau of Prisons ("BOP") adopted PREA policies in response to these regulations.

AVALOS subjected Plaintiff to sexual abuse. In doing so, AVALOS violated Plaintiff's Constitutional rights and California law on gender violence, sexual assault, and common law on battery.

As a result of Defendants' actions, Plaintiff suffered numerous emotional injuries and incurred severe personal injuries, which continue to affect her today.

## III. ARGUMENT

Federal Courts generally apply a "compelling reasons" test for sealing court records, requiring the party requesting the filing under seal to show that compelling reasons supported by specific facts outweigh the public policies favoring disclosure. *Pintos v. Pacific Creditors Association*, 605 F3d 665, 667-678 (9th Cir. 2010).

The Ninth Circuit allows "Parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment,

injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068-69 (9th Cir. 2000).

The Ninth Circuit has identified three circumstances where it may be appropriate for a party to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id*. at 1068. A party may proceed anonymously when his or her "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1067.

This is precisely the type of "unusual case" in which a pseudonym is appropriate. Plaintiff should be permitted to proceed by pseudonym for two independent reasons. First, disclosure of her identity creates a significant risk of retaliatory harm given the abuse that Plaintiff has already suffered at the hands of the perpetrators. Second, anonymity is necessary to preserve her privacy in a highly publicized case. In both cases, Plaintiff's fear is well-founded, and her need for anonymity outweighs any prejudice to the opposing party and actually furthers the public interest.

### A. **Plaintiff Should be Permitted to Proceed Anonymously Because Disclosure of Her Identity Creates a Risk of Retaliatory Physical Harm.**

Plaintiff, a member of a vulnerable class of female federal inmates, should be permitted to proceed anonymously because disclosure of her identity would create a risk of retaliatory physical harm to her and her family members. When a party fears retaliation, the court balances: (1) severity of the threatened harm, (2) reasonableness of the anonymous parties' fears, (3) the anonymous party's vulnerability to retaliation, (4) prejudice to the opposing party, and (5) whether the public's interest in the case requires that litigants reveal their identities. *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). These factors weigh in favor of preserving Plaintiff's anonymity.

Plaintiff has a well-grounded fear of adverse consequences if she publicly identifies with this litigation. First, she was the victim of sexual abuse by those entrusted with her care. Given

the media attention to this case, Plaintiff has a well-grounded fear of physical harm and harassment from third parties if she is publicly identified with this litigation. *See Advanced Textile Corp.*, 214 F.3d at 1070 (holding that economic injuries inflicted by third parties, such as termination or blacklisting, may be sufficient to justify anonymous proceedings, where such injuries carry "extraordinary" consequences).

### B. Any prejudice to Defendants is Outweighed by Plaintiff's Need for Anonymity

Even assuming that the factual allegations in the declarations were prejudicial to the government's arguments at this stage of the proceeding, any prejudice is far outweighed by Plaintiff's need to proceed anonymously. Although private plaintiffs may be prejudiced by having to proceed publicly against a private defendant, the government incurs no such prejudice because it possesses a considerably "less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *2 EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003); see also *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). Ultimately, Defendants will receive Plaintiff's identity after a protective order is agreed to protecting her identity.

### C. The Public's Interest is Furthered by Permitting Plaintiff to Proceed Anonymously

Although the public ordinarily has an interest in knowing the names of parties and participants in lawsuits, that interest is outweighed where, as here, the public has an overriding interest in ensuring that individuals bring judicial challenges to government action that may violate their constitutional rights and their rights under the Administrative Procedure Act. See, e.g., Advanced Textile Corp., 214 F.3d at 1073.

The right of public access to court proceedings and documents is a qualified one and varies with the nature of the proceeding or documents in question. *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*, 20 Cal.4th 1178 (1999).[1]

---

[1] California authority is cited only as persuasive authority.

Federal and state law contains many statutes prohibiting the disclosure of the identity of both minors and victims of sex crimes. Public policy favors such protection. *M.G. v. Time Warner, Inc.*, 89 Cal.App.4th 623, 635 (2001); see also CAL. GOV. CODE §§ 11131.5, 54961; and CAL PEN. CODE §§ 293, 293.5, and 868.7. The following Declaration of J. Kyle Gaines and conduct alleged in the Complaint of this matter involving the sexual assault of Plaintiff and the sexual assault and sexual harassment of other victims by Plaintiff's perpetrator, establishes that overriding interests exist sufficient to support allowing Plaintiff to move forward as a "Doe" Plaintiff using only her middle and last initials: R.R. A substantial probability exists that the overriding interests of all parties will be prejudiced if the Plaintiff is not permitted to proceed anonymously.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully applies to proceed anonymously.

Date:   July 16, 2024                                    SLATER SLATER SCHULMAN LLP

                                                         By: /s/J. Kyle Gaines
                                                         J. Kyle Gaines
                                                         Attorneys for Plaintiff R.R.